UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOV. JERRY BROWN,<br><br>　　　　　Defendant. | No. 2:17-cv-2503 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Plaintiff's Complaint

A. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### B. Plaintiff's Allegations

Plaintiff alleges that California Penal Code § 290, which requires sex offenders to register their address, violates the Eighth Amendment because it is cruel and unusual punishment. Plaintiff names the Governor, Jerry Brown, as the sole defendant.

### C. Discussion

#### 1. Eleventh Amendment Immunity

With respect to the Governor, "[a]n exception under Ex Parte Young, 209 U.S. 123 (1908) . . . allows citizens to sue state officers in their official capacities 'for prospective declaratory or injunctive relief . . . for their alleged violations of federal law,'" however, "[t]he state official 'must have some connection with the enforcement of the act.'" Association des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013) (quoting Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012)). It appears from the allegations found in plaintiff's complaint that he has named Governor Brown as a defendant in this action simply based on his general duty to enforce California law. "[T]his is an insufficient connection to the enforcement of this law to overcome the bar of sovereign immunity." Mitchell v. Brown, 2015 WL 3993149, at *3 (E.D. Cal. June 30, 2015). See also Association des Eleveurs de Canards et d'Oies du Quebec, 729 F.3d at 943 ("Governor Brown is entitled to Eleventh Amendment immunity because his only connection to § 25982 [banning the sale of foie gras] is his general duty to enforce California law"), cert. denied, 135 S. Ct. 398 (2014). Thus, Governor Brown is not properly-named as a defendant in this action.

2. <u>Punishment?</u>

It does not appear that plaintiff can state a civil rights claim based on his allegations that § 290 violates the Eighth Amendment because it is punishment. First, plaintiff includes in his complaint generalized allegations as to the impact on other individuals required to register under § 290. Plaintiff is advised that he may not bring claims based on the violation of constitutional rights of other parties; rather, he may only raise claims based on violations of his own rights.

Second, although § 290 imposes a substantial and onerous burden, sex offender registration is not considered a form of punishment under the state or federal Constitution. <u>In re Alva</u>, 33 Cal. 4th 254, 268, 280, 14 Cal. Rptr. 3d 811 (2004)[1] ("by every standard set forth in such cases as <u>Mendoza-Martinez</u>, <u>McVickers</u>, <u>Hendricks</u>, <u>Castellanos</u>, and <u>Smith</u>, the registration requirement imposed by section 290 is not punishment, but a legitimate, nonpunitive regulatory measure.");[2] <u>People v. Castellanos</u>, 21 Cal. 4th 785, 796, 88 Cal. Rptr. 2d 346 (1999). Moreover, the California Supreme Court has also found that the mandatory registration requirement does not violate equal protection. <u>Johnson v. Department of Justice</u>, 60 Cal. 4th 871 (2015). As the court explained:

> The Legislature has long demonstrated a strong resolve to protect children from sexually inappropriate conduct of all kinds, including sexual intercourse and oral copulation. Depending on the nature of the conduct and the ages of the offender and the minor victim, conviction of a sexual contact crime may subject the offender to incarceration, civil penalties, and other consequences. One of the significant consequences includes application of the Sex Offender Registration Act (Pen. Code, § 290 et seq.),[FN1] which was enacted to prevent recidivism of sex offenders and facilitate their surveillance by police. As relevant here, the act allows for discretionary sex offender registration for those convicted of unlawful sexual intercourse with a minor (§§ 261.5, 290.006), but imposes mandatory registration for those convicted of crimes involving other types of

---

[1] In <u>Alva</u>, where the defendant had been convicted of misdemeanor possession of child pornography and required to register as a sex offender, the California Supreme Court found that the statutory requirement of mere registration by one convicted of a sex-related crime cannot be considered a form of "punishment" regulated by either federal or state constitutional proscriptions against cruel and/or unusual punishment. <u>Id.</u>

[2] <u>Kennedy v. Mendoza-Martinez</u>, 83 S. Ct. 554 (1963); <u>People v. McVickers</u>, 4 Cal. 4th 81 (1992); <u>Kansas v. Hendricks</u>, 117 S. Ct. 2072 (1997); <u>People v. Castellanos</u>, 21 Cal. 4th 785 (1999); <u>Smith v. Doe</u>, 123 S. Ct. 1140 (2003).

4

sexual activity with a minor (§ 290, subds.(b), (c)).

[FN 1: Unless otherwise indicated, all further statutory references are to this code.]

Johnson, 60 Cal. 4th at 874.

In light of such authorities, plaintiff cannot state a cognizable civil rights claim based on his Eighth Amendment challenge to § 290. Although the Court would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiency cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Accordingly, because any amendment would be futile, the undersigned recommends that this action be dismissed without leave to amend.

III. Pending Motions

Finally, plaintiff has filed two motions asking the court to waive the filing fee for this case, and to provide plaintiff with $500.00 per month to "facilitate discovery and other advances" in this case. (ECF Nos. 13, 14.) Both requests are denied. Prisoners are required to pay the full filing fee to commence a civil action, see 28 U.S.C. § 1915(b)(1), and the court has no authority to provide funds to pro se litigants for discovery or other litigation expenses.

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motions (ECF Nos. 13, 14) are denied;

4. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hume2503.dsmr