UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES, | No. 2:17-cv-2503 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| XAVIER BECERRA, | |
| Defendant. | |

I. Introduction

Plaintiff is a former county jail inmate, now a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Following the court's request (ECF No. 29), plaintiff confirmed that he wishes to proceed on his amended complaint against defendant Becerra. (ECF No. 31.) Thus, the Clerk is directed to detach plaintiff's amended complaint appended to his motion to amend (ECF No. 28 at 3-7) and file it as plaintiff's second amended complaint (ECF No. 28-1). Plaintiff's proposed second amended complaint is before the court.

As discussed below, plaintiff's second amended complaint should be dismissed without leave to amend.

////

II. <u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the pleading in the light most

favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III.  Plaintiff's Allegations

Plaintiff's second amended complaint names Xavier Becerra, Attorney General for the State of California, as the sole defendant.  (ECF No. 28-1.)  Plaintiff alleges that since 2005, he has been required to register under California Penal Code § 290, despite plaintiff's right to an exemption under People v. Sorden, 36 Cal. 4th 65, 72 (2005), on the basis of plaintiff's disabilities due to severe brain damage and schizophrenia.  As a result of such § 290 registration requirement, plaintiff states that his life has been ruined by his continuous arrests, the removal of his children, and his incarceration.  Plaintiff alleges violations of due process and the Eighth Amendment.  Plaintiff seeks money damages and an order forcing defendant Becerra to remove plaintiff from the California Penal Code § 290 registration requirement.

IV.  California Penal Code § 290 & People v. Sorden

Section 290 imposes a life-time registration requirement for

> [a]ny person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape or any act punishable under Section 286, 287, 288, or 289 or former Section 288a, Section 207 or 209 committed with intent to violate Section 261, 286, 287, 288, or 289 or former Section 288a, Section 220, except assault to commit mayhem, subdivision (b) and (c) of Section 236.1, Section 243.4, Section 261, paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to the state prison, Section 264.1, 266, or 266c, subdivision (b) of Section 266h, subdivision (b) of Section 266i, Section 266j, 267, 269, 285, 286, 287, 288, 288.3, 288.4, 288.5, 288.7, 289, or 311.1, or former Section 288a, subdivision (b), (c), or (d) of Section 311.2, Section 311.3, 311.4, 311.10, 311.11, or 647.6, former Section 647a, subdivision (c) of Section 653f, subdivision 1 or 2 of Section 314, any offense involving lewd or lascivious conduct under Section 272, or any felony violation of Section 288.2; any statutory predecessor that includes all elements of one of the above-mentioned offenses; or any person who since that date has been or is hereafter convicted of the attempt or conspiracy to commit any of the above-mentioned offenses.

Cal. Penal Code § 290(c).  In Sorden, the California Supreme Court held that:

////

> the willfulness element of the offense may be negated by evidence that an involuntary condition -- physical or mental, temporary or permanent -- deprived a defendant of actual knowledge of his or her duty to register. Only the most disabling of conditions, we emphasize, would qualify under the standard we announce today. Severe Alzheimer's disease is one example that comes to mind; general amnesia induced by severe trauma is another. Defendant's claimed depression clearly did not satisfy this standard. Defendant knew of his obligation to register and, had he taken it to heart, he could have managed to discharge it.

People v. Sorden, 36 Cal. 4th 65, 69, 113 P.3d 565, 567 (2005).

V. Background

In 2019, a court in the Central District of California confirmed plaintiff's registration requirement:

> Plaintiff was required to register as a sex offender after he was convicted [in 2005] of violating Cal. Penal Code §§ 647.6(a) and 311.11(A). His conviction under Cal. Penal Code § 311.11(A) was not legally eligible for dismissal pursuant to Cal. Penal Code § 1203.4. And even if both of his convictions were properly dismissed pursuant to Cal. Penal Code § 1203.4, he was still required to register as a sex offender until he obtained a certificate of rehabilitation pursuant to Cal. Penal Code § 290.007.

Humes v. Haskell, 2019 WL 1263899, at *2 (C.D. Cal. Feb. 14, 2019), adopted, 2019 WL 1260633 (C.D. Cal. Mar. 18, 2019).[1] See also Humes v. Eliston, Case No. 2:17-cv-2650 JAM AC P (E.D. Cal. Sept. 20, 2018), adopted, 2:17-cv-2650 JAM AC P (E.D. Cal. Nov. 5, 2018) (Humes failed to demonstrate that he received a certificate of rehabilitation as required by People v. Hamdon, 225 Cal. App. 4th 1065, 1073 (2014).)

On February 2, 2018, plaintiff filed another civil rights action in which he sought prospective relief against California Attorney General Becerra, based on the alleged failure to relieve plaintiff from the requirement to register under § 290, and seeking an order requiring Becerra to relieve plaintiff from such registration requirement. Humes v. State of California, No. 2:18-cv-0244 TLN CKD P (E.D. Cal.). The magistrate judge found that because plaintiff had not

---

[1] A federal court may take judicial notice of adjudicative facts. Fed. R. Evid. 201(a)-(c). Judicial notice may be taken of the records of this or other courts for the facts that those records represent. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (court may take judicial notice of dismissal and ground therefore, but not of disputed facts therein).

4

obtained a certificate of rehabilitation, as required under state law, he was not entitled to be relieved of the obligation to register under § 290, and failed to state a claim for an independent violation of the Due Process Clause. Humes, No. 2:18-cv-0244 TLN CKD P (ECF No. 28), adopted, No. 2:18-cv-0244 TLN CKD P (E.D. Cal. Jan. 25, 2019) (ECF No. 31).

VI. Discussion

    A. Sovereign Immunity

Plaintiff does not identify whether he sues defendant Becerra in his official or individual capacity. Nevertheless, plaintiff's claim for damages against defendant Becerra in his official capacity is barred under Eleventh Amendment sovereign immunity. See Braunstein v. Ariz. DOT, 683 F.3d 1177, 1188 (9th Cir. 2012) ("[S]overeign immunity precludes §§ 1981 and 1983 damages claims against state entities and state actors in their official capacity.").[2]

    B. Failure to State a Claim

Plaintiff's second amended complaint fails to state a cognizable due process or Eighth Amendment claim. Plaintiff generally complains that he has been required to register under § 290 since 2005, but fails to identify a specific proceeding in which his due process rights were violated. Plaintiff fails to identify any court proceeding in which he sought an exemption under People v. Sorden. In any event, plaintiff's pleading fails to state a cognizable claim because plaintiff sets forth no facts demonstrating that defendant Becerra was personally involved in the prosecution of plaintiff for his alleged failure to register, or that a causal connection exists between defendant Becerra and the purported violation of plaintiff's due process rights by the continued registration requirement under § 290. Therefore, with respect to any claim for

---

[2] As plaintiff was previously informed:

> The California Attorney General is absolutely immune for Section 1983 damages liability for initiating prosecutions and presenting the State's case in defense. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Moreover, this immunity extends to the Attorney General's administrative responsibilities. See Cousins v. Lockyer, 568 F.3d 1063, 1069 (9th Cir. 2009).

Humes v. Eliston, 2018 WL 7253077, at *1 (E.D. Cal. Dec. 12, 2018), adopted, 2019 WL 483312 (E.D. Cal. Feb. 7, 2019).

monetary damages, plaintiff fails to show defendant was actually involved in any violation of his civil rights. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under section 1983 arises only upon a showing of personal participation by the defendant).

### C. California Penal Code § 290.007

In light of the dismissal of plaintiff's second amended complaint for failure to state a claim, plaintiff's request for prospective injunctive relief as to defendant Becerra should also be dismissed.

Prospective relief claims under Ex parte Young fall under a narrow exception to the Eleventh Amendment bar to suit only when the "'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 255 (2011) (quoting Verizon Md. Inc v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)).

California Penal Code Section 290.007 states:

> Any person required to register pursuant to any provision of the Act shall register in accordance with the Act, regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5.

Cal. Penal Code § 290.007.

Here, plaintiff identifies no ongoing violation of federal law by defendant Becerra. Rather, plaintiff states only that he wants an injunction to force defendant Becerra to relieve plaintiff from the § 290 reporting requirement. (ECF No. 28-1 at 7.) However, as plaintiff was previously informed, under California Penal Code § 290.007, a certificate of rehabilitation is a mandatory condition for relief from sex offender registration requirements. Although plaintiff argues he is entitled to an exemption under Sorden, nowhere in his pleading does he allege that he obtained a certificate of rehabilitation as required under § 290.007. On November 15, 2018, another court noted that plaintiff had not obtained such a certificate. Humes, No. 2:18-cv-0244 TLN CKD P (ECF No. 28) ("Plaintiff sought a "Certificate of Rehabilitation" from the Superior Court of Placer County, but his petition was never adjudicated and was dropped from the court's

////

calendar on January 14, 2013."). Despite plaintiff's subsequent 2019 amendment in this action, plaintiff does not allege that he has now obtained such certificate.

At the time plaintiff filed this action, he was housed in the Sacramento County Jail. According to the CDCR Inmate Locator, plaintiff was admitted to state prison on April 24, 2019.[3] In his second amended complaint, filed after such change in custody, plaintiff does not allege that he sought an exemption under People v. Sorden in any state proceeding that resulted in his current incarceration. Nevertheless, the undersigned is persuaded that plaintiff cannot obtain prospective injunctive relief against defendant Becerra in this action because plaintiff failed to demonstrate that he has obtained a certificate of rehabilitation as required under § 290.007. See Humes, No. 2:18-cv-0244 TLN CKD P. Thus, plaintiff should not be granted leave to amend to pursue his request for prospective relief.

VII. Leave to Amend

The undersigned has considered whether plaintiff should be granted another opportunity to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, "futile amendments should not be permitted."). Because the identified deficiencies cannot be cured in this context, and plaintiff was provided an opportunity to amend his original complaint, the undersigned finds it would be futile to grant plaintiff leave to amend.

VIII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to detach plaintiff's amended complaint (ECF No. 28 at 3-7), and refile it as plaintiff's second amended complaint (ECF No. 28-1); and

---

[3] The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, No. 3:18-cv-02001-CAB-AGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

IT IS RECOMMENDED that plaintiff's second amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one** days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 3, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hume2503.dm